AMOS STECKEL & SON, Appellants, v. THOMAS H. PILE.

**Rescission: EVIDENCE.** On the issue whether a contract to pay a loan commission if the borrower failed to furnish good title, was rescinded, evidence tending to show that the parties differed as to liens, that the agent so acted as that the borrower might well think the loan was abandoned and that another loan was thereupon made by the borrower, makes the fact of rescission a jury question.

**CROSS-EXAMINATION** allowed to show the feeling of a witness, is largely discretionary.

**Practice on Appeal.** Complaints of rulings on evidence referred to as "on pages 26 and 27, abstract," are too indefinite for consideration.

*Appeal from Davis District Court.*—HON. W. I. BABB, Judge.

THURSDAY, APRIL 4, 1895.

Action to recover a commission on a contract for the sale of real estate. Judgment for defendant, and plaintiff appealed.—*Affirmed.*

*Payne & Sowers* and *Amos Steckel* for appellants.

*Eichelberger & Taylor* for appellee.

Granger, J.—The defendant, by a written contract, appointed the plaintiff firm his agent to negotiate for him a loan of one thousand dollars for five years, at seven per cent. interest, and agreed to pay the plaintiff a commission of fifty dollars. Defendant was to furnish a good title to the land, and pay all expenses; and if, for any reason, defendant should be unable to execute the securities in accordance with the agreement,

he was to pay the firm its full commission and full interest "in the loan," and to reimburse all moneys paid out on account of the contract. Plaintiff avers that there was a breach on the part of the defendant, and asks judgment in the sum of one hundred and twenty-eight dollars and seventy cents. The defendant admits the making of the contract, but avers that afterward a controversy arose between the parties as to there being a judgment lien against the land to be as security for the loan, because of which the parties rescinded the contract by mutual agreement. Upon the issues formed the parties proceeded to trial to a jury.

I. Appellant's position is, as to the claim, that there was a rescission of the contract, that there is not only no conflict of evidence on the issue, but an actual absence of evidence to support the claim. The court gave very explicit instructions on the question, and to the effect that one of the parties could not rescind, but that it must be a mutual agreement to that effect, and that the burden to show it was with the defendant. The district court in giving such instructions must have believed that there was evidence to justify it, and it seems to us that the record sustains the conclusion. It is true that the parties at no time, in express terms, said the contract is rescinded or abandoned, but defendant had, at the request of plaintiff, obtained an abstract, and he took other steps to make the title satisfactory, and then, as to a particular judgment claimed to be of record, he examined the record, and claimed to plaintiff that there was no judgment, and plaintiff said that if it was not removed they could not make the loan. It is not expedient to present the situation accurately in an opinion, but it was such that the defendant might have understood plaintiff to mean, in saying that it could not make the loan without the cancellation of the judgment,—which

defendant understood he could not do,—that he dismissed the transaction, and plaintiff seemed to act thereon and proceed to obtain a loan elsewhere. There is also evidence from which defendant could understand that plaintiff was troubled to get the money for the loan at the time agreed upon, and that he did not, because of that, desire to make it. The conversations of the parties, as disclosed by the record, are far from impressing one with a belief that the plaintiff, when the parties last separated, thought otherwise than that the transaction was ended. It is surely such a state of the record, upon a question of fact, that this court should not interfere.

II. There is a complaint as to rulings on evidence of a witness, referring to it as "on pages 26 and 27 of the abstract." We cannot set out so much. Taken together, no prejudicial error appears. If particular questions are relied upon, our attention should be particularly called to them.

III. One Ware was a witness who testified as to conversations with the plaintiff as to the loan and the liens claimed by plaintiff to be against the land. He spoke of a conversation with one Bence in front of a grocery, and he was asked: "Didn't you say to Mr. Bence at that time and place, in front of Marlette's grocery, that he, Mr. Pile, will not get the money at Steckle's if I can help it?" The court sustained an objection on the ground that the question was immaterial and incompetent. The question was on cross-examination. Its bearing upon the case in any form is so slight that prejudice could not have resulted from its exclusion. The feeling of the witness towards plaintiff was fairly shown by other questions, and in such matters the trial court must possess and exercise a discretion as to the extent that it shall be pursued.

IV.  A judgment for unpaid costs in a case wherein plaintiff claimed it to be a lien on the land was put in evidence, and there is a complaint that the court did not, in a particular instruction on the subject of such judgment, expressly state that it was a lien.  It seems to us that the situation of this case is not fairly comprehended.  It is not the question, under the issues, whether there were actually liens or not, but was there such a disagreement on the question of liens that the parties, because of it, reached an understanding that the contract for the loan was abandoned?  That is the issue presented to the jury by the court.  It was a question of rescinding the contract, and not of actual facts as to liens.  There was no error in the instruction because of the omission.  From a careful review of the record, we find no error that should reverse the case, and it is *affirmed*.